August M. DAMIOLINI, Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA and Central Power and Light Company, Appellees.

No. 1158.

Court of Civil Appeals of Texas, Corpus Christi.

June 23, 1977.

Rehearing Denied Aug. 31, 1977.

---

Philip M. Westergren, Westergren & Westergren, Corpus Christi, for appellant.

Ronald B. Brin, Maddin, White & Brin, George G. Brin, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

Alleging a claim for compensation under a group disability insurance policy, August M. Damiolini filed suit against the Insurance Company of North America and Central Power and Light Company for the breach of the policy owned by CPL and issued by INA. Damiolini, as an employee of CPL, was a third party beneficiary.

The case proceeded to trial before a jury. After all parties had closed, the trial court granted CPL's motion for instructed verdict. Then the trial court submitted the case against INA to the jury on special issues. Based upon answers to those special issues, which answers were unfavorable to Damiolini, the trial court rendered a take nothing judgment. Damiolini appeals from that judgment.

The appellant had been injured in an automobile accident on January 8, 1969, while he was employed by CPL as a tax accountant. Sometime thereafter, INA commenced disability benefits to appellant, but ceased such payments following June 1, 1971. Appellant contends that INA should

have continued disability benefits after June 1 because he remained permanently disabled under the terms of the policy. He had returned to work with CPL on June 1 for a six month trial period, but he was terminated on September 21, 1971, because he was unable to perform the work required of him. Under the terms of the disability policy, coverage terminated thirty days thereafter; so October 21, 1971, was the last day for disability coverage to be afforded the appellant. In other words, since payment had already been made, the question of disability prior to June 1, was not a matter of controversy. Therefore the existence of disability only after June 1 was asked about the charge.

After the presentation of the evidence, the trial court submitted the case to the jury on special issues. The following are all the special issues submitted, together with the jury's answers:

"QUESTION 1

Was Plaintiff, August M. Damiolini, disabled following June 1, 1971?

You are instructed that the term 'disabled,' if applicable up to April 1, 1972, means a state of being unable to perform the substantial and material duties of plaintiff's occupation as a tax accountant and requiring the regular treatment of a qualified physician. You are further instructed that, if applicable after April 1, 1972, the term 'disabled' means a state of being unable to perform the substantial and material duties of any occupation for which August M. Damiolini is reasonably qualified by training, education, background, and experience.

Answer 'Yes' or 'No'.

Answer: Yes

If you have answered Question 1 'Yes,' then answer Question 2; otherwise, do not answer same.

QUESTION 2

On what date following June 1, 1971 did such disability, as defined above, first exist?

Answer day, month, and year.

Answer: 1 APRIL 1972

If you have answered Question 2, then answer Question 3; otherwise, do not answer same.

QUESTION 3

From the date found by you in answer to Question 2, has such disability continued without interruption until the present?

Answer 'Yes' or 'No.'

Answer: Yes

If you have answered Question 3 'No,' then answer Question 4; otherwise, do not answer same.

QUESTION 4

On what date did such disability end?

Answer day, month, and year.

Answer: (no answer)"

The significance in the charge of the date "April 1, 1972" is not made clear to us by either the record or the briefs. Nevertheless there are no complaints about the charge on appeal nor does the record reflect objections to the charge in the trial court.

■ Appellant has brought forward three points of error. In his first point, he contends that the trial court erred in not granting his motion (first amended) for new trial because the jury's answer of "1 April, 1972" to special issue 2 is not supported by any evidence. This is a no evidence point. In that regard, we will be guided by the usual rule that we must view the evidence in a light most favorable in support of the jury finding and consider only the evidence and inferences which support the finding and reject the evidence and inferences contrary to the finding. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.Sup.1975).

At this point an analysis of the trial court's definition of "disabled" would be helpful. In fact there are two definitions in the charge. The first, for the period "up to" April 1, 1972, requires the inability to perform the substantial and material duties of the *appellant's occupation* as a tax accountant and requires *the regular treatment of a qualified physician* during that period. The second, a less strict standard, for the period "after" April 1, 1972, requires only the inability to perform the substantial

and material duties of *any occupation* for which the appellant is reasonably qualified by training, education, background, and experience.

■ About the evidence and the first definition, there is no evidence in the record that the appellant required the regular treatment of a qualified physician for the period following June 1, 1971, up to April 1, 1972. So the jury was correct, under the first definition, in not finding the appellant disabled during that period.

About the evidence and the second, and less strict, definition, there is evidence in the record supporting an answer of disability as there defined. Dr. Taylor, a psychiatrist, testified that appellant was schizophrenic and that his disability could have been triggered by the appellant's automobile accident in 1969. Jack Hoel, an employee of CPL, testified that he had observed the appellant "staring into space" on several occasions during 1971. Appellant's wife said that his mental condition steadily declined after he had hit his head in the automobile accident of 1969.

■ By this evidence the jury was entitled to infer that the appellant was suffering the second type of disability during 1971 (before the policy terminated) and that the disability continued until the time of trial in 1976. But because of the limiting date requirements in the charge about disability, the jury was precluded from fixing a date that fell prior to April 1, 1972, and that indicated the first existence of the second type of disability. We realize that there is a hiatus in the charge of one day (April 1, 1972) between "up to" April 1, 1972, in the first definition and "after" April 1, 1972, in the second definition. But the answer of "April 1, 1972," if error, is harmless error because of the answer of "yes" to the next special issue (3) inquiring as follows:

"From the date found by you (April 1, 1972) . . ., has such disability continued without interruption until the present?"

Even so, whether the jury answered "April 1, 1972", or *some date thereafter* can be of no aid to the appellant, because to prevail he needed an answer on the disability issue of *some date before October 21, 1971*, which was the date of termination of the policy upon which he had based his suit. Appellant's first point is overruled.

In his second point, the appellant urges that the trial court erred in not granting his motion for new trial because the jury's answer of "1 April, 1972" to special issue 2 is manifestly unjust and contrary to the greater weight and preponderance of all the credible testimony. As we interpret the appellant's first amended motion for new trial, the only assignment of error germane to a sufficiency of the evidence ground is as follows:

"2) That the Court erred in granting judgment for Insurance Company of North America for the reason that the findings of the Jury with regard Special Issue Number Two are without foundation in the evidence and should therefore have been ignored by the Court."

■■ The foregoing assignment is a no evidence point. And we have already discussed and resolved appellant's only no evidence point. Nowhere in the appellant's motion for new trial was there contained an assignment or complaint that the jury's finding in answer to special issue 2 was against the great weight and or preponderance of the evidence. In other words, there was no factual insufficiency point. On this appeal the appellant attempts to raise that point for the first time. To be effective on appeal, factual insufficiency of the evidence points must be raised in a motion for new trial. *Samford v. Duff*, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); see Rules 374 and 418, T.R. C.P. Appellant's second point is overruled.

■ In his final point, the appellant argues that the trial court erred in granting CPL's motion for instructed verdict. If that action was error, it was harmless error under Rule 434, T.R.C.P. This is so because in our decision of appellant's points 1 and 2 we have demonstrated that appellant has failed to establish any liability on the insur-

ance policy in question. Without liability, whether CPL was in or out of the suit after the ruling on its motion for instructed verdict becomes immaterial.

Further, the appellant has not complied with Rule 418(c), T.R.C.P. in his brief submitted to us on his final point. Appellant's third point, his final point, is overruled.

The judgment of the trial court is affirmed.